ORLEANS,
August,
1839.

WILLIAM ISAACS v. EDMUND CLARK.

## (In Chancery.)

No bill in chancery can be supported by one creditor of an insolvent estate against a debtor of that estate.

THE orator, in his bill, stated, in substance, that Daniel Clark was indebted to the orator and became a co-partner in trade with the defendant, and put in capital and made profits; that he died ; that the defendant used and occupied the land which said Daniel bought of the orator ; that he mingled said partnership property with his own, and collected its debts to his own use, and kept no account thereof; that he had promised to account for and allow the orator his debt against said Daniel on what the orator was owing the defendant, but afterwards refused so to do ; that administration on the estate of said Daniel was taken by Eli Hinds, jr., and the estate represented insolvent and commissioners were appointed, before whom the orator, with the other creditors of said Daniel, had his debt allowed, but it had not been paid ; that no inventory of said Daniel's part of said partnership property had been made by said administrator, nor any account rendered thereof. The bill prays that the defendant may be compelled to account to the orator and pay him his said debt.

To this bill the defendant demurred.

*J. Cooper* and *S. A. Willard*, for defendant.

1. A creditor of an insolvent estate cannot sustain a suit against a debtor to such estate, to compel a payment, to such creditor, of the debt due from the debtor. The administrator of the estate is the proper person to collect the debts due the estate. Every creditor of the estate of Daniel Clark has the same right to sustain a suit that the orator has. 2 Swift's Dig. 221 ; Cooper's Pleading, 175 ; 4 Br. C. C. 270; 2 Ves. 95 ; 9 Ves. 77 ; 2 Eq. Abr. 253.

2. The administrator of Daniel Clark should have been joined in the suit, as a creditor cannot, in any case, sue a debtor to an estate without making the executor or administrator a party. Mitford's Pl. 215 ; 6 Ves. 748 ; 2 Chit-

Orleans,
August,
1839.

Isaacs
v.
Clark.

ty's Eq. Dig. 798. The administrator, though insolvent, is a necessary party to a bill for a discovery of assets. *Ashurst* v. *Eyre*, 2 Atk. 51.

3. The defendant, as surviving partner, had a right to collect all the debts due to the partnership, yet, when collected, the share of the deceased partner belonged to his administrator, for the benefit of all the creditors.

4. The facts alleged in the bill amount to an embezzlement and alienation of the property of the intestate, and bring the case within the 68th section of the probate act. Such being the case, the remedy therein provided must be resorted to, and no other can be applied.

*J. Sawyer*, for orator, contended that, although the defendant, as surviving partner, had the right to collect the partnership debts, and dispose of the property, still, as he took no measures so to do, a decree might be had against him and an account ordered to be taken, more especially when he was squandering the partnership effects; that, in chancery, he might be made accountable to the orator, without having contracted to pay the debt due from the deceased partner to the orator, and that the statute, authorizing proceedings in the probate court, did not take away the jurisdiction of this court.

The opinion of the court was pronounced by

COLLAMER, Chancellor.—The matters stated in this bill show a liability of the defendant to the administrator of Daniel Clark, and to him only; and both in law and in chancery the administrator is the only person who can pursue the debtors of an estate. There is no privity between the creditors and debtors of an estate. As to the promise of the defendant to the orator, it was wholly without consideration, and if of any binding force, it is good at law, and furnishes no independent ground of chancery relief.

In England, an executor gives no bond for the performance of the duties of his appointment, and each creditor stands independent of all others, and can enforce his debt in preference to all others, not of a higher nature. One creditor may there sustain a bill against a debtor of the estate, suggesting collusion between the debtor and executor, and insolvency of the executor; for if the executor will not col-

lect the debt, and is insolvent, there is no remedy, at law. But, in such case, it is always necessary to join the executor as defendant.

The necessity which calls for such a proceeding can here never exist; for the executor always gives a bond, with sureties, for the execution of his trust, and therefore his insolvency is immaterial, and collusion with a debtor, or neglect to collect the debt, would be a breach of his duty. Again, in this state, where an estate is represented insolvent, the creditors have all a common interest in the assets, and entitled to their distributive share, and all debts must be so collected as to secure this right. This bill, by one creditor of an insolvent estate, to collect a debt due the estate, for his sole benefit, and that, too, without even joining the administrator, cannot be sustained, nor can the orator sustain a bill in this case and in this state, against any parties he may join.

Demurrer allowed. Bill dismissed.