## Miner and others *v.* Aylesworth and others.

*(Circuit Court, D. Rhode Island* October 8, 1883 )

1. Suit against Administrator—Misjoinder.
    Other persons having assets of an estate cannot be joined with the administrator in an action against the latter, unless there be collusion between such persons and the administrator. And this is true in cases governed by the Public Statutes of Rhode Island.
2. Same—Suit, when Barred.
    Under section 9, *c.* 205, Pub. St. R. I., no suit can be commenced against an administrator, as such, after three years from the time he gave public notice of his appointment.

In Equity.

*Thurston, Ripley & Co.,* for complainants.

*James Tillinghast,* for respondents.

COLT, J. This is a bill in equity brought under the following circumstances: On December 30, 1873, William Butler, since deceased, made a trust deed conveying all his property to the defendants Ely Aylesworth and George H. Browne, to convert into money and pay his creditors, and to account for any surplus to him or his legal representatives. On or about March 8, 1876, some years after the execution of the trust conveyance, Butler indorsed several promissory notes, upon which suit is now brought by the plaintiffs. Butler died

June 19, 1876, and the defendant Elizabeth R. Butler was appointed administratrix, August 14, 1876, and gave notice of her appointment, as required by law. The estate was declared insolvent, and commissioners were duly appointed. The plaintiffs did not present their claim to the commissioners for allowance, nor prosecute the same against the administratrix, because, as they allege, they believed the estate was hopelessly insolvent. Mary Butler, the heir of William Butler, and her guardian are also made parties to the bill.

The main object of the bill is to charge certain assets alleged to belong to the estate of William Butler in the hands of the trustees, Aylesworth and Browne, or in the hands of Mary Butler, the heir of William Butler, with the payment of this claim. The bill sets out that large amounts of property have come into the hands of the trustees which they have not accounted for to the creditors of William Butler, and that they have made over large portions of the property to Mary Butler; also that Aylesworth, one of the trustees, purchased, through a third party, certain stocks belonging to the trust estate, which have greatly enhanced in value. The bill does not allege that there is any surplus in the hands of the administratrix after payment of the claims allowed by the commissioners. It does not state that any surplus would remain in the hands of the trustees after payment in full of the trust creditors. It does not charge collusion between the trustees and the administratrix, or the trustees and the heir.

To this bill the administratrix and the trustees have filed pleas in bar, setting up that more than three years have elapsed since the appointment of Elizabeth Butler as administratrix, and since proper public notice was given thereof, and therefore, under section 9 of chapter 205 of the Public Statutes of Rhode Island the time within which this suit could be brought has expired. The defendants Mary Butler and her guardian demur to the bill for want of equity.

We think it is clear that the plaintiffs occupy the position towards the estate of William Butler of simple contract creditors. They do not come under the trust instrument, and are in no way covered by it. Section 9 of chapter 205 of the Public Statutes of Rhode Island declares that no action shall be brought against any executor or administrator in his said capacity unless the same shall be commenced within three years next after the will shall be proved or administration granted; such period to be reckoned from the time the public notice of the appointment as set out in the statute is given.

The object of this provision is to procure a speedy settlement of estates, and its intent and purpose is to bar claims against the estate after three years. The administrator cannot waive the running of the statute so as to bind the estate. This provision is a bar to any suit brought by a creditor against the administrator or persons holding assets of the estate after three years, except against an heir or devisee, which we will consider hereafter. Under our probate system the ad-

ministrator represents the estate. He gives bond for the faithful performance of his duties. He is the proper person for the creditor to proceed against within the time set out in the statute. Other persons having assets of the estate cannot properly be joined with the administrator; clearly not, unless in the case of collusion between such person and the administrator. *Pratt* v. *Northam,* 5 Mason, 95, 113; *New England Com. Bank* v. *Newport Steam Factory,* 6 R. I. 154, 193; *Dawes* v. *Shed,* 15 Mass. 6; *Johnson* v. *Libby,* Id. 140; *Wells* v. *Child,* 12 Allen, 333; *Aiken* v. *Morse,* 104 Mass. 277; *Harrison* v. *Righter,* 3 Stockt. 389; *Isaacs* v. *Clark,* 13 Vt. 657.

In England, where the rule is somewhat different from that which prevails under our probate law, it is said that persons interested in the estate of the testator, not being the legal personal representative, will not be allowed to sue persons possessed of assets belonging to the testa;tor unless it is satisfactorily made out that there exist assets which might be recovered, and which but for such suit would probably be lost to the estate. *Stainton* v. *Carron Co.* 18 Beav. 146, 159.

Under the Rhode Island statutes the estate of every deceased person is chargeable with his debts. The real estate is liable provided the personal estate is insufficient; that is, the personal property is the primary fund for such payment, and the real estate a secondary fund. Suit may be brought against the heir or devisee in the manner provided by statute, after three years, to enforce the liability of the real estate for the debts. It is apparent that this is not such a suit. Neither the administratrix nor trustees would be proper parties to such an action. Pub. St. R. I. *c.* 189; *Hopkins* v. *Ladd,* 12 R. I. 279.

The unreported case of *Roberts* v. *Roberts,* referred to by the complainants, was an action at law brought against the defendant as widow and devisee. The real estate was attached, and the declaration alleges that the personal estate of the testator is insufficient to pay the debts. This brought the case within the statute. We are of opinion that the statute of limitations is a good bar to the plaintiffs' claim, and that this is not a suit brought under section 14, *c.* 189, Pub. St.

The pleas and demurrers are therefore sustained.