C. R. ALES, ADMR., v. J. M. PLANT.

ESTATE OF DECEASED PERSONS. *Creditors.　Failure to register.*
　　Under the proviso to Code 1880, ? 2028, which allows the owner of an un-
　　registered claim to be paid out of any surplus remaining after payment of
　　the registered debts, he cannot by presenting his claims when the personalty
　　is exhausted, compel the sale of land. CAMPBELL, C. J., dissents.

APPEAL from the Chancery Court of Lafayette County.

HON. A. B. FLY, Chancellor.

The appellee's petition asked that the appellant should be required to administer on the real estate as well as the personal property of the deceased, upon the ground that debts due the appellant were registered, and that land enough to pay them remained unsold. The appellant's answer stated that these claims were not registered until after twelve months had elapsed subsequently to the publication of notice to present demands, and that all creditors who complied with the notice had been satisfied. At final hearing the court decreed that the administrator should pay the claim, the real estate standing chargeable with its payment, if the personalty was insufficient for this purpose.

*Frank Johnston* and *A. J. Baker*, for the appellant.

The decision of this case involves a construction of § 2028, Code of 1880, and particularly a construction of the *proviso* to the statute. The precise question being, whether the "surplus," mentioned in the *proviso*, that remains after payment of the registered debts, can be extended by interpretation so as to embrace the lands as well as the personal estate of the decedent. I contend that the lands are not included, and a creditor failing to probate his claim within the twelve months is restricted to the "surplus" of the personal estate after payment of all registered debts before distribution. The body of the statute prescribes a rule of limitation operating as an absolute bar to all actions and suits in any court against creditors failing to register their claims within the twelve months. And by a new term declared that presentation to the personal representative should not be the equivalent of registration, thus changing the rule engrafted upon the former statutes by judicial construction. *Perry* v. *West*, 40 Miss. 235 ; *Brown* v. *Hall*, 27 Miss. 44 ; *Bank* v. *Rhew*, 37 Miss. 110. Under the operation of the body of the statute, the unregistered claim, after the year, is *barred*, " and no suit shall be maintained thereon in any court," in a word, all remedy is denied. It is only by the *proviso* that such a derelict auditor can share at all in the estate, and the terms of the *proviso* must therefore define the full measure of his rights. In terms, such

creditor is restricted to the "surplus that remains after the other debts registered and allowed have been fully paid, if they present and prove their claims before distribution of the estate." The primary signification of the word "distribution," implies personal property and assets, and not the division of land. There is nothing in the contest to indicate that a different meaning was intended ; on the contrary, the whole contest sustains the primary meaning of the terms used. Personal assets are technically *distributed* to a class of persons taking by operation of the law as distributees, while land is *partitioned* among a class known as heirs at law. The personal estate goes directly to the personal representatives; the land descends to the heirs at law. The first is a fund in court, primarily charged with the debts, the land is secondarily chargeable and is only reached by a distinct proceeding against the heirs. Under § 2070, Code 1880, on final settlement and discharge of the personal representative, the court makes a distribution of the personal estate, but it does not make partition of the land. And thus § 2070 demonstrates the construction of § 2028. Thus where there is no personal fund in court at the time the creditor with an unregistered claim presents himself, what are his remedies? He cannot sue the personal representative at law, nor recover a personal decree against him in the chancery court, because he is barred effectually by the twelve months' period of limitation. He cannot maintain a bill to sell the lands, for that remedy is also barred. How then is it possible for him to maintain a petition against the administrator to compel the latter to institute proceedings against the heirs to reach the land? Barred by the positive terms of the statute and denied the right to maintain any suit in any court, he has no right either directly or indirectly to institute a suit against the heirs and the land. I insist that he cannot then accomplish by indirection what he is forbidden to do directly. There is nothing in the whole statutory system of administering estates that disturbs the primary meaning of the terms used in the *proviso* to § 2028 ; and the creditor barred by the twelve months' limitation ought to be restricted to the surplus of the personal assets remaining in court before distribution.

*Sullivan & Sullivan,* for the appellee.

It is claimed that because appellee failed to probate and register his claim against the estate within one year that the debt is conclusively barred, and this is really the only point made by appellant. The failure to register and probate only *postpones* the payment of the claim until all other claims, which were properly probated and registered are paid in full; it is still good as to any *surplus of assets.* Code 1880, § 2028. Land in this State is assets and just as much bound for the payment of debts as personal property is after the personalty is exhausted. Code 1880, §§ 2039, 2040, 2041; *Clark Hornthall,* 47 Miss. 434; 54 Miss. 66. "Realty is now, in this State, equally with the personalty, bound for the debt of the decedent," "the *only* difference being that the personalty is *first* chargeable, and this is simply a rule of administration," etc. 40 Miss. 643; 44 Miss. 322. There is *no devastavit* shown here. Code 1880, § 2041. The point had not yet been arrived at where distribution would or could have been ordered by the court. This is done after the final account has been *heard* and *allowed;* here this had not been done. There is still a large amount of assets in this case consisting of land—this is a valid debt, and should be paid. It is only *postponed,* not *barred.*

CHALMERS, J., delivered the opinion of the court.

For very many years we have had continuously on our statute book laws which declared that the creditors of deceased persons should within some short period after published notice to that effect have their claims exhibited and registered and that in default thereof all non-registered claims should be barred. The language of these statues has been to some extent varied both in phraseology and in the time fixed for the registration; but they have all been unmistakably statutes of limitation and have been so construed and enforced. Their rigor has been modified by judicial construction to the effect that actual knowledge upon the part of the administrator of the existence of the claim should be equivalent to registration, but this did not change their character as statutes of limitation, since without proof of such actual knowledge on the part of the administra-

tor the unregistered claim was totally barred from any participation in the statute. Section 2026 of the Code of 1880 is emphatic on this point. It declares that "it shall be the duty of every administrator to pay all debts of the estate as speedily as possible out of the assets that may come into his hands, and in order that the true condition of the estate may speedily be known, it shall be the duty of every executor and administrator to publish in some newspaper printed in the county a notice requesting all persons having claims against the estate of his testator or intestate to exhibit the same and have them registered by the clerk of the court, granting letters within one year, or they will be *forever barred.*"

Section 2028 is equally, and, indeed, more emphatic in declaring the same thing. It is as follows:

"§ 2028. All claims against the estate of a deceased person, whether due or not, shall be registered in the court in which the letters testamentary or of administration were granted, within one year after the first publication of notice to creditors to present their claims; otherwise the same shall be barred and no suit shall be maintained thereon in any court, even though the existence of such claim may have been well known to the executor or administrator; provided, that creditors who have failed to present their claims shall not be barred as to any surplus that remains after the other debts, registered and allowed, have been fully paid, if they present and prove their claims before distribution of the estate."

It is claimed that by reason of the proviso to the section the holder of an unregistered claim can not only compel the payment of it out of any personalty in the hands of the administrator or of the heirs, but can compel the former to institute suit against the latter for the sale of the realty which has descended to them upon the death of the ancestor, "if they present and prove their claims before distribution of the estate." This construction of the proviso is inadmissible for several reasons. In the first place, it is inconsistent with the legal phraseology employed. The word distribution may, as was said in *Payne* v. *Robinson,* 58 Miss. 690, be applied to realty when the context shows that it was so intended, but no accurate lawyer, choosing his words with care, would speak of any portion of

the lands, which by law descend to the heirs or devisees of a decedent instantly with his death as constituting "a surplus for distribution." Such language in a carefully drawn code seem *ex vi. termini* applicable to personalty only, unless the context plainly shows that they were intended to embrace realty also. There is no such context here.

Again, this construction makes the proviso practically repeal the enacting portion of the section, especially when taken in connection with § 2026. The last-named section being *in pari materiæ*, declares that unregistered demands " shall be forever barred." § 2028 substantially repeats this language and adds that "no suit shall be maintained thereon in any court, even though the existence of such claim may be well known to the executor or administrator." Now to subject lands which have descended to the heirs to the payment of debts requires a suit against the latter, a suit as formal, elaborate, and frequently as troublesome as any suit known to our system of laws. If, therefore, the proviso justifies such a suit the section practically reads as follows, "unregistered claims are forever barred and no suit shall be maintained upon them in any court in the State, except that before distribution by the administrator any kind of suit that is necessary may be maintained to subject any property whatever belonging to the deceased at the time of his death to the payment of such claims." Such a construction of the proviso makes it instead of a limitation upon, an actual repeal of, this and of all other similar sections in the Code. But under this theory when would this right of bringing a suit by the non-registering creditor terminate? Only after distribution. But what sort of distribution—final or partial distribution? Certainly a partial distribution would not cut it off, for in such event there might be abundant personalty in the hands of the heirs or of an administrator *de bonis non,* and surely the belated creditor, all other debts being paid, must have the right under the proviso to go against that. But if final distribution is meant in the sense that all debts have been paid, or all property, real and personal, been exhausted, then there could never be anything to reach, and the proviso is worthless. No estate is finally administered so long as there subsists a valid debt or any

property that can be subjected to its payment, and this would make the right of the holder of an unregistered claim practically interminable.

It is a cardinal rule of construction that a proviso limits but must never be held to repeal the law to which it is attached.

Again, this, and all similar statutes in this State, are, and ever have been, statutes of limitation intended for the protection of the heirs of estates against the assertion of unregistered claims. The construction contended for converts them by the operation of the proviso into a rule for the settlement of priorities. The unregistered creditor occupies, so far as the heir's estate is concerned, just as good ground as he who has promptly registered his demand. He can equally strip the heirs of the entire estate, and the only difference between the two classes of creditors is that the one is preferred to the other. It is extraordinary that such a revolution in our whole law of administration should be wrought by a proviso to the most severe and stringent law against unregistered claims that we have ever had.

Lastly, by § 2047 of Code of 1880, creditors of decedents are given the right to compel a sale of lands for the payment of their demands, a right never before enjoyed by them in this State; but this right is carefully confined to a creditor "who has procured his claim against the estate to be registered."

It seems extraordinary that the right should have been thus limited if there already existed the right at any time before distribution to compel the administrator to sell land at the request of the holder of an unregistered claim. Observe the practical inconsistency of such a construction. The holder of the unregistered claim cannot institute such a proceeding himself, though all other creditors may. He can, however, compel the administrator to do it at any time before distribution. This must mean final distribution, for if it means partial distribution, and there be abundant personalty on hand, he does not need to resort to the land. There can be no final distribution both of lands and personalty, so as to cut off creditors, until every subsisting debt has been paid, so that while the non-registering creditor can never proceed against the land

himself, he may at any time have an administrator *de bonis non* appointed and compel him to bring a suit against the heirs to subject their land to his unregistered demand. This effectually defeats the object intended to be subserved by the whole body of our administration system, to wit, the speedy settlement of estates and the early ascertaining of the respective rights of creditors and heirs.

Upon many considerations, therefore, it seems apparent that the whole object of the proviso is to permit the non-registering creditors to reach the personalty in the hands or subject to the control of the administrator.

*Reversed and dismissed..*

CAMPBELL, C. J:, delivered the following dissenting opinion.

I cannot assent to the views of the majority of the court. The proviso is as follows: "Provided, that creditors who have failed to present their claims, shall not be barred as to any surplus that remains after the other debts registered and allowed have been fully paid, if they present and prove their claims before distribution of the estate." The question is as to the meaning of the terms "surplus" and "distribution." Manifestly, the surplus of the whole estate, which is chargeable with the debts of the decedent, is referred to here, and "distribution" is not used in its technical sense, but in the larger signification as importing the disposition to those entitled of the remainder of the estate after payment of debts. The idea was evidently borrowed from the practice of chancery in allowing one having equal claim to a common fund, who had not obtained notice of a proceeding for its distribution, to come in, even after distribution, and proceed against those who had shared the fund, and the hard rule established by the section to which the proviso is added, in barring claims, due and not due, because not registered within one year, is qualified and mitigated by permitting the belated creditor to go against the surplus of the estate after all registered claims are fully paid, it being assumed that the danger of the postponement until all registered claims are fully paid will be a sufficient incentive to creditors to have their claims registered. The only

purpose of requiring claims to be registered is to ascertain the condition of the estate as to liabilities.  It is not the desire of the law to defeat just claims or to give the estate to heirs or devisees, or legatees or distributees, in preference to creditors.  It. requires claims to be registered and gives the preference to those which are registered as required, postponing those not registered, and allowing them to be paid only out of the surplus of the estate, and on the condition that they are presented and proved before the estate is finally settled by distribution to those entitled to it after creditors are satisfied.  If the creditor fails to have his claim registered as required, he is postponed until registered claims are fully paid, and he must get pay out of what is left of the assets of the estate.  If he delays until the estate has been settled and distributed among those entitled to it, he is without relief.  If he•comes before this, he is entitled to be paid out of any of the estate in the same manner as if he had not delayed.  The danger of delay and the anxiety of creditors to realize on their claims, will be found a sufficient safeguard against intentional failure to have claims registered as required by law.  Failure to register is a bar to any suit on the claim, but is not a bar to payment out of the surplus of the estate ·after all registered claims are fully paid, if application for payment be made to the court in which the administration is, before distribution of the estate.

The language of the proviso is not satisfied· by the view of the majority.  That view limits the scope of the word surplus, when it · seems plain that the object of the proviso is to admit the creditor provided for to all of the estate left after paying registered claims in full.