T. M. NAGLE ET AL. v. A. H. BALL, ADMINISTRATOR.

1. ESTATE OF DECEDENT. *Probate of claims. Waiver by administrator.*

An administrator cannot by any representations or assurances, however misleading or designing, made to creditors, waive the protection provided for the estate by §§ 2026, 2028, code 1880, which requires creditors to probate their claims within one year or be barred.

2. SAME. *Failure to probate claim. Right to subject land.*

Although § 2028, code 1880, allows a creditor who has failed to register his claim within the year, to be paid out of any surplus left after payment of registered debts, if he present and prove his claim before distribution, he cannot, after the personalty is exhausted, compel a sale of land. *Ales* v. *Plant*, 61 Miss., 259.

3. ESTATE OF DECEASED PARTNER. *Claim against. Probate. Code 1880, § 2028.*

That a debt is due by a firm of which the decedent was a member, does not dispense with the necessity for probating it, to prevent the bar of said statute in favor of his estate.

4. ADMINISTRATOR'S BOND.　*Breach.　Misleading creditors.*

That an administrator wrote designing and misleading letters, intended to prevent, and which did prevent, a creditor from probating his claim, whereby it was lost, is not a breach of the administrator's bond.

FROM the chancery court of Lauderdale county.

HON. W. T. HOUSTON, Chancellor.

Appellants, complainants in the court below, are creditors of the firm of John T. Ball & Co., which was composed of John T. Ball and his son, A. H. Ball. John T. Ball died in 1890, and A. H. Ball, the surviving partner, was appointed administrator of his estate. Publication was duly made for creditors of the estate to present and register their claims. The personalty of the estate proved insufficient to pay the registered debts, and, after the expiration of the year allowed for probating claims, complainants, T. M. Nagle, and sundry other creditors of the firm of John T. Ball & Co., who had failed to present and prove their claims before the distribution of the personalty, exhibited the bill in this cause, seeking to compel a sale of the lands of the estate.

Complainants allege, as a reason for not having probated their claims, that A. H. Ball, the administrator, had written to them that the estate of John T. Ball, and the firm of John T. Ball & Co., owed little or nothing, and the creditors would be promptly paid. Sundry letters of this character were made exhibits to the bill, and in all of them A. H. Ball assured the complainants that their debts would be paid, and that both the firm and the estate were solvent. Complainants allege that they relied on these assurances, and failed to present and prove their claims until after the expiration of the year, when, on their being presented to the administrator for payment, they were refused, on the ground that the claims were barred. They rely upon these facts as constituting a waiver by the administrator of the bar provided by § 2028, code 1880, and, failing to obtain payment from A. H. Ball as surviving partner, they have exhibited this bill praying for a

sale of the lands of John T. Ball to pay their debts. The heirs of John T. Ball were made parties defendant.

The bill contained an averment that A. H. Ball had made a fraudulent conveyance of his property, including his one-fourth undivided interest in the lands of the estate of John T. Ball, to his wife, Ida T. Ball, to secure an alleged indebtedness, which was simulated, and that the conveyance was made to hinder, delay and defraud complainants. Ida T. Ball, the wife, however, was not made a party.

The defendants demurred to the bill, the main ground of demurrer being that complainants, having failed to present and prove their claims, were barred, and that the administrator could not waive the provisions of the statute. The demurrer was sustained; whereupon, complainants, by leave of court, filed an amended bill, containing, in substance, the same allegations as the original, and joining as defendant the said Ida T. Ball. It also set out at length the alleged misrepresentations and promises made by A. H. Ball as administrator and surviving partner to complainants, for the purpose of preventing the probate of their claims, and alleging that this fraudulent conduct on the part of the administrator, causing complainants a loss of their claims against the estate, amounted to a breach of his bond as administrator. The sureties on said bond were joined as parties defendant, and a personal decree prayed for against the administrator and said sureties. On the demurrer of A. H. Ball, individually and as administrator, the court dismissed the petition, except so much of it as sought to cancel the conveyance and trust-deed from A. H. Ball to his wife. From this decree complainants have appealed.

*Cochran & Bozeman*, for appellants.

The court sustained the demurrer as to a part of the bill. A demurrer cannot be good as to a part and bad as to the rest of a bill, and therefore it must stand or fall altogether. *Shearer* v. *Shearer*, 50 Miss., 113.

Section 2028, code 1880, is a harsh statute, and will not be extended beyond its express terms. It must refer to debts of the individual in his private or individual transactions, and not to claims against a partnership. The precise point was decided in *Corson* v. *Berson*, 86 Cal., 433.

Even if petitioners' debts were required to be probated, they still had the right to subject the lands of the estate. Lands are assets, and, after the personalty is exhausted, are bound for the payment of debts. Code 1880, §§ 2039–2041; *Clark* v. *Hornthal*, 47 Miss., 434; 54 *Ib.*, 66. It is only a rule of administration that requires the personalty to be first exhausted. 40 Miss., 643; 44 *Ib.*, 322. We are aware that our view is opposed to the opinion of the majority of this court in *Ales* v. *Plant*, 61 Miss., 259. The reasoning of the dissenting opinion in that case is unanswerable, and we respectfully ask the court to overrule the case.

The conduct of A. H. Ball, in inducing petitioners not to probate their claims, amounted to a fraud, and he is estopped to plead the bar of the statute. His relation to the estate and creditors is wholly different from what it would have been if he had not been an heir and a surviving partner of the decedent as well as the administrator. The false representations of the administrator, whereby he caused creditors to withhold their claims from registration, amounted to a breach of his bond. It was conditioned to faithfully perform and discharge all of his duties. There is no difference in morals, and ought not to be in law, where an administrator appropriates moneys in his hands that ultimately belong to creditors, and where, by his fraudulent conduct, he destroys the debts on which creditors base their right to demand payment from the estate.

*Miller & Baskin*, for appellees.

The letters written by the administrator to creditors, even taken with the allegations of the bill, do not show any fraud on the part of the administrator; but this is immaterial, for

it cannot rest in the discretion of the administrator whether the heirs can avail of the bar of the statute of limitations provided by § 2028, code 1880. The law has provided this statute as a means of defense in behalf of the estate. The administrator cannot make a promise that will operate to prevent the bar; neither can he make a waiver. His duties are prescribed by law, and the statute is the limit of his power. This view disposes of the suits so far as the estate is concerned, since creditors with unregistered claims cannot compel a sale of land. *Ales* v. *Plant*, 61 Miss., 259. We submit that this decision should not be overruled or questioned. As to the power of an administrator to waive the statute of limitations, see *Huntington* v. *Bobbitt*, 46 Miss., 528.

Even if the administrator wrote letters intending to mislead creditors, it is not a breach of his bond. It has been held that sureties on an indemnifying bond are responsible only for the consequences that result from the lawful discharge of the sheriff's duty in seizing property and appropriating it to the payment of debts of attaching creditors. *Smokey* v. *Peters*, 66 Miss., 471. The rule should be the same as to bonds of administrators.

WOODS, J., delivered the opinion of the court.

We fail to discover the fraud supposed by counsel for appellant to have been practiced by A. H. Ball, administrator, on complainants, in inducing them not to probate their claims until barred by §§ 2026, 2028, code of 1880. In a single instance only, in all the letters filed in the record, is there any reference to the propriety or necessity of probating any claim against any person. In the letter of September 1, 1890, from A. H. Ball to James Ohlen & Sons that solitary reference is found, and in these words: "It will not be necessary for you to probate any account against John T. Ball & Co., as I, as the surviving partner, have a right to settle any thing against the firm." It is manifest that this was an expression of opinion by a surviving partner as to his power

to liquidate the firm debt, without the necessity of the same being probated in order to his so doing. But if the letters were of the character which counsel suppose, their rights would not in any manner be affected thereby. The opinions of the administrator are of no value when opposed to an express rule of law. The administrator cannot waive the absolute bar created by statute for the protection of estates of decedents. He cannot abrogate a positive rule of law requiring probate of claims within the prescribed period by conduct of his own, however misleading or designing. The creditors were bound to obey the plain requirements of the statute. They, as all others, were supposed to know the law prescribed for their guidance. But if they did not, and the administrator advised or induced them to omit to probate their claims (though he did not in the case at bar), where is the authority to be found for exempting them from the operation of a positive statute which is universal in its application?

The prayer of the petitioners for a sale of the lands belonging to the estate of Jno. T. Ball, deceased, was properly denied by the decree of the court below sustaining the demurrer to this part of the petition. This contention must be regarded as being now definitely settled in this state. This very question was determined in the case of *Ales* v. *Plant*, 61 Miss., 259, which counsel ask us to overrule. The request is not to be complied with. The rule announced in that case has been accepted and acted upon for ten years, and, during that period, a revision of our code of laws has been made, and the sections of the code of 1880 interpreted in the case referred to have been bodily brought forward into the later code, without change or modification. We are bound to suppose that they were brought forward unaltered in the later code with the full knowledge of the legislature that they had received the construction placed upon them in *Ales* v. *Plant*. The door to further controversy on this subject is now closed. The belated creditors cannot have sale of the lands of the estate of the decedent.

The idea advanced by counsel as to the non-necessity for the probate of a claim against the estate of a decedent because of its being for a debt due by a firm of which the deceased was a member, has the charm of novelty, at least. We do not see, however, why an individual creditor must probate his claim and a firm creditor need not. In the former case, the claim is barred unless probated in twelve months; in the latter case, the claim is not barred, though not probated. The distinction is purely arbitrary and imaginary. The case of *Corson* v. *Benson*, 86 Cal., 433, gives no countenance to this contention. The counsel misconceives the issues involved, in that case, and the decision of the court upon them. Said the court: "The claim of A. Benson & Son was not a claim against the estate of O'Brien, but against the firm of which he had been a member, and, consequently, did not come within the purview of that section"—one requiring presentation of claims on contracts against estates of deceased persons within a specified time. And again: "As there was no claim made against the estate of the deceased partner, the executors of his will were not necessary parties to the cross-action, and the same end could have been attained by proceeding against the two surviving partners alone." Plainly, the court means that, as the claim was against the firm of which the deceased was a member, and not against his estate, there was no necessity for requiring presentation of the demand to the personal representatives of the deceased.

The contention of appellant's counsel as to liability on the part of Robinson and Harris, the sureties on the administrator's bond, cannot be seriously considered. That the administrator was guilty of a breach of the conditions of his bond in that he wrote misleading and designing letters to creditors, whereby they were beguiled into a sense of false security, and that his sureties are thus made amenable to the penalties of a breach of the bond, is utterly unsound. It is purely fanciful.

The petition, as a bill to cancel a conveyance in trust from A. H. Ball to his wife, alleged to be fraudulent, and praying subjection of the lands conveyed thereby to complainants' demands, was retained by the chancellor, and properly. This was the extent of the right of the complainants to invoke the aid of a court of equity, and this right the learned court preserved to complainants. In every respect, the decree of the court below is approved by us.

*Affirmed.*