F. A. GILMAN v. CORA MAUD MAXWELL.

May 7, 1900.

Nos. 12,127—(74).

**Estate of Decedent—Presentation of Claim to Probate Court—Waiver of Statute.**

Claims against the estate of a deceased person, founded on contract, must be presented to the probate court for allowance, in accordance with G. S. 1894, §§ 4509, 4511. It is not within the power of an administrator to waive compliance with the statute, pay a claim himself, and then, long after the same has been barred, present it as a debit item in his final account, and have it allowed by the court.

**G. S. 1894, § 5912—Claim in Tort Does not Survive.**

What course is to be pursued if a claim against an estate is founded in tort in order to secure its payment out of the funds in the hands of an administrator is not decided. Nor is the exact nature of the claim in question determined, but it is held that, if in tort, it must have been based on an injury to the person of the original claimant, and under the statute (section 5912) the cause of action died with the person of the deceased party.

**Advances to Daughter—Findings.**

Held, that certain findings of fact in respect, and adverse, to the claim made by the administrator that certain money and property had been "advanced" by the deceased in his lifetime to one of his daughters were supported by the evidence.

**Costs and Disbursements upon Appeal to District Court.**

Held, that the district court erred in one of its conclusions of law wherein it ordered judgment against the administrator for the respondent's costs and disbursements.

In the matter of the estate of Michael Burns, deceased, pending in the probate court for Hennepin county, F. A. Gilman, administrator, appealed to the district court for that county from an order disallowing certain items of his final account. In the district court the appeal was heard upon issues raised by appellant's complaint and the answer of Cora Maud Maxwell, one of the heirs at law of the decedent, before Elliott, J., who ordered judgment modifying the order of the probate court. From an order deny-

ing a motion for a new trial and for modification of the findings of fact and conclusions of law, the administrator appealed.    Modified.

The sixth finding of fact, referred to in the opinion, was as follows: "That in 1894, prior to the death of said Michael Burns, one Amy Foster made a claim against him for damages in tort, claiming that he had slept with her and was entitled to and demanded $5,000, whereupon it was agreed by and between said Amy Foster and Michael Burns that she should be paid $500 from the estate of a brother of said Michael Burns, from whom he expected some money, and that said sum should be accepted in full of her claim against him, said Michael Burns."

*H. F. Woodard*, for appellant.

*Lewis E. Stetler*, for respondent.

COLLINS, J.

When appellant presented his final account as administrator of the estate of Michael Burns, deceased, to the probate court, certain items thereof were disallowed, and from the decree entered he appealed to the district court.    The probate court had wholly rejected his claim of $350 as compensation for his services, and on appeal he was awarded $250 in full for such services.    To this extent only was he successful in district court, and thereupon he appealed, claiming that the court erred in rejecting and refusing to allow other items, which items we will consider in detail.

1. The district court refused to allow what is known as the "Amy Foster claim of $250," which appellant alleged he had paid to Miss Foster out of his own money, and before any of the trust funds came into his hands.    This claim was never presented to the probate court for allowance until December 15, 1898, at which time it appeared as a debit item in appellant's final account.    This was nearly two years after notice to file claims within six months had been duly given to all creditors, under the provisions of G. S. 1894, § 4509.    If this claim was founded on contract, it should have been presented to the probate court for adjustment and allowance within the statutory period.    Claims founded on contract must be so presented, or be forever barred.    Section 4511.    It is not within

the power of the administrator of an estate to waive compliance with the statute, and the authorities cited by appellant are not in point, because of this mandatory statute.

But appellant seems to take the position that the Foster claim sounded in tort, and for that reason the statute has no application, citing Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583, in which it was held that the statute governs only when claims arising on contract are involved. From the sixth finding of fact, wherein is stated the nature of the Foster claim, it is somewhat difficult to determine just where it should be located among the torts. We cannot readily classify it, and shall not try, referring the curious to the finding itself for further information as to its character. We are content with the statement that, if any injury resulted to Miss Foster by reason of the transaction mentioned in the finding, and on which her claim for damages was based, it must have been, in the nature of things, an injury to her person; and under the statute (section 5912) her cause of action died when Burns departed this life, apparently forgetful of the claim the lady had asserted in his lifetime,—according to the appellant's testimony,—and, unfeelingly and ungratefully, failing to make provision for its liquidation,—a clear case of "man's inhumanity to" woman. The court below was right when it rejected the Foster item or claim.

2. The court found against the administrator upon his claim that the deceased had in his lifetime "advanced" to his daughter, the late Mrs. Robinson, money or property in a certain amount or value; and the finding is abundantly supported by the evidence. It follows that we are not required to construe or apply the statute (section 4648) on gifts and grants made in advancement or by way of advancement.

3. We have already stated that the appellant was successful on appeal to the extent of $250, allowed him for his services as administrator. But, notwithstanding this, the district court included among its conclusions of law one to the effect that the respondent should have and recover judgment against the appellant for her costs and disbursements. This was error. On the present respondent's written objection to the allowance the probate

court rejected the appellant's claim for compensation for his services as administrator, and refused to allow him any part of his bill for such services. On appeal he was the prevailing party, and was entitled to his disbursements at least. Section 4677.

The order appealed from is reversed, with instructions to the lower court to amend its third conclusion of law in accordance with the views herein expressed, the remaining conclusions of law to stand. No statutory costs will be taxed against respondent in this court.