## STATE EX REL. THERESA SCHERBER v. PROBATE COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

April 16, 1920.

No. 21,687.

**Presentation of claim against decedent's estate must be made to probate court.**

1. Claims against estates of decedents are not presented to the probate court until placed in the custody of the court, or until filed or made a matter of record therein. Handing to and leaving such claims with the administrator is not a compliance with the law.

**Claim must be presented within 18 months from making of order limiting time.**

2. The probate court is without power to permit a claim to be presented for allowance after the expiration of one year and six months from the making of the order limiting the time for creditors to present claims and the publication of the notice of such order.

**Statutory bar cannot be removed.**

3. Even if the fraudulent representations of the administrator induced a creditor of the decedent to omit to present his claim to the probate court within the limitation above stated, there is no remedy against the estate, for by no act of the administrator can the bar of the nonclaim statute be waived or lifted after once closed.

Appeal by relator from an order of the district court for Hennepin county, Hale, J., quashing its writ of certiorari to review proceedings in the probate court for that county wherein relator's petition to extend the time to present claims against an estate, was denied, Dahl, J. Affirmed.

*George R. Smith* and *H. Stanley Hanson,* for appellant.

*Daniel F. Foley,* for respondent.

[1] Reported in 177 N. W. 354.

HOLT, J.

The district court of Hennepin county quashed a writ of certiorari granted by it to review an order of the probate court of said county denying relator's petition to extend the time to present a claim against an estate, then in course of administration in that court. The relator appeals.

The order of the probate court does not indicate the ground upon which the petition was denied. However, in the return to the writ of certiorari the probate judge stated that he considered the petition sufficient to warrant the relief asked, but deemed the court without power to act, because more than 18 months had expired since the order was made for creditors to present claims. Without stopping to consider or decide whether this recital by the judge in his return to the writ presents an error which a reviewing court may lay hold of when the record otherwise shows no ground for reversal, we come directly to the questions argued by counsel in this court, viz.:

(1) May the presentation of a claim against an estate to the administrator thereof be held a compliance with section 7320, G. S. 1913?

(2) If not, has the probate court the power to extend the time for receiving a claim after the expiration of more than 18 months from the time the order to present claims was made and published?

The record discloses that the administrator herein was appointed February 7, 1917, and on the same day the court made and filed the order for creditors to present claims, which order was duly published. The petition states that on March 19, 1917, relator verified an itemized claim against the estate and handed the same to the administrator, believing that by so doing she had complied with the law, and relying also upon the assurance of the administrator that nothing more need be done by her with reference to presenting the same to the court. She made no other attempt to present her claim to the court until this petition was filed on December 23, 1919.

Under the common law practice, and also under statutory regulations in some states, the presentation of claims against the estates of deceased persons is to the executor or administrator, and he passes on the validity thereof. Not so under our code.

The provisions pertinent to the questions here presented are found

in sections 7320 to 7327, inclusive, G. S. 1913.  Section 7320 provides that the probate court, upon granting letters testamentary, shall make an order limiting the time for creditors to present claims against the estate, and fixing the time and place when and where proofs will be heard and such claims examined and adjusted.  The time so limited shall not exceed one year.  Notice of the order is given by publication (section 7321).  That, under our probate practice, presentation of claims against an estate must be made to the court and not to the administrator, is clear from the fact that the administrator may not pay any claim or receive credit therefor in his account, unless the court, within the time limited by the order referred to, acted thereon.  The probate court is a court of record, so that if anything is presented to such a court for action it is made a matter of record therein.  Claims of the sort now in controversy must be itemized and verified, hence are written documents.  The time of presentation is ordinarily indorsed on the claims and they are left in the custody of the court.  The order in this case required the creditors to file their claims with the court.  That this was a proper order under the practice that obtains in this state may not be doubted.  That presentation means a filing of the claim in court is indicated by sections 7324 and 7325, the first of which requires the administrator to file in court a statement, in writing, of any offsets he claims "against  *  *  *  claims filed," and the second provides that:  "No claim or demand, or offset thereto, shall be allowed which was barred by the statute of limitations when filed."  We cannot hold the presentation to the administrator a compliance with the statute.

Relator insists that section 7322 confers power to extend the time to present claims even after the expiration of the 18 month period therein mentioned.  The section now reads: "For cause shown, and upon notice to the executor or administrator, the court, in its discretion, may receive, hear and allow a claim when presented before the final settlement of the administrator's or executor's account, and within one year and six months after the time when notice of the order was given."  The application of the last clause stands out clearer in the language of the statute in force before the Revised Laws of 1905 took effect.  Chapter 82, p. 84, Laws 1899, amended section 102 of the probate code (chapters 46, 94, Laws 1889).  That section contained provisions now found

in sections 7320 and 7322, G. S. 1913. The sentence and part of a sentence in the amendment, pertinent to the present inquiry and which the revisers recast into a section by itself (7322), are:

"No claim or demand shall be received after the expiration of the time so limited, unless for good cause shown. The court may in its discretion receive, hear and allow such claim upon notice to the executor or administrator, but no claim shall be received or allowed unless presented within one year and six months from the time when notice of the order is given, as provided in the next section, and before final settlement," etc. The "next section" referred to concerns the publication of the order.

Mere change in phraseology and rearrangement of the law in the revision of 1905 was not intended to work a change in the meaning thereof, unless such a purpose is discernable from the conflict in the language between the provisions in the Revised Laws and the prior statutes. The latter may always be resorted to as an aid to the correct interpretation of the revision. Our conclusion is that the law, while it invests probate courts with wide discretion to accept belated claims up to the expiration of one year and six months after the order for creditors to present claims has been made and published (State v. Probate Court of Polk County, 79 Minn. 257, 82 N. W. 580), withholds the power to receive such claims if presented after the expiration of said period. In Gilman v. Maxwell, 79 Minn. 377, 82 N. W. 669, this court designated the nonclaim statute of our probate code as mandatory. See also the view taken of this provision by both the majority and minority opinions in Schurmeier v. Connecticut Mut. Life Ins. Co. 171 Fed. 1, 99 C. C. A. 107, particularly in the forceful dissenting opinion of Judge Sanborn. When the nonclaim statute has run as against claims of decedents the estate passes free from such claims to the heirs or legatees.

In Pulliam v. Pulliam (C. C.) 10 Fed. 53, the distinction between the ordinary statutes of limitation and the nonclaim statutes relating to claims against decedents is clearly set out. It is there said that an administrator may waive the former, but not the latter, which are rules of property as well as statutes of limitation. This decision is approvingly referred to in Security Trust Co. v. Black River Nat. Bank, 187

U. S. 211, 23 Sup. Ct. 52, 47 L. ed. 147, where effect was given to our nonclaim statute. Statutes of nonclaim are applied more rigorously than the general statutes of limitation. 2 Woerner, Am. Law of Administration (2d ed.) § 402; Winter v. Winter, 101 Wis. 494, 77 N. W. 883.

But appellant suggests that the administrator was guilty of constructive fraud by receiving her claim and assuring her that she had done all that was needful to assert her rights when she handed it to him. Baart v. Martin, 99 Minn. 197, 108 N. W. 945, 116 Am. St. 394, is cited to the proposition that a statutory bar does not save even a decree to one who has obtained it by fraud. Overlooking the meagre allegations of facts tending to show constructive fraud in the petition and the absence therein of any excuse for the delay, we do not think the case at bar can be made to parallel the case cited. The administrator has no authority to represent the heirs or creditors in the administration of an estate, except insofar as he is required to conserve the estate for all interested therein. He is not personally affected by the adjudication upon claims. Nor has he any power to waive the nonclaim statute (section 7323), which provides that: "All claims against the estate of a decedent, arising upon contract, whether due, not due, or contingent, must be presented to the court for allowance, within the time fixed by the order, or be forever barred." In Nagle v. Ball, 71 Miss. 330, 13 South. 929, it is held: "The administrator cannot waive the absolute bar created by the statute for the protection of estates of decedents. He cannot abrogate a positive rule of law, requiring probate of claims within the prescribed period, by conduct of his own, however misleading or designing." In Gilman v. Maxwell, supra, this court said: "It is not within the power of the administrator of an estate to waive compliance with the statute, and the authorities cited by appellant are not in point, because of this mandatory statute." See also Roberts v. Flatt, 142 Ill. 485, 32 N. E. 484; Miner v. Aylesworth (C. C.) 18 Fed. 199; 18 Cyc. p. 500. If the statute cannot be waived, the means employed in the attempt are of no consequence. The persons interested in relator's claim are those entitled to participate in the estate after certain preferred claims are paid. It is not pretended that any of these interested persons practiced either actual or constructive fraud upon

relator, nor are they chargeable with the administrator's deception, if any, towards her.

We conclude that the probate court was without power to receive the claim, and that it was barred at the time relator presented her petition.

The order is affirmed.