## WHITEMORE, Estate of, In Re

Ohio Common Pleas, Cuyahoga Co

Decided Nov 24, 1934

E. C. & G. H. Schwan, Cleveland, and S. H. Read, Cleveland, for plaintiff.

Joseph E. Feighan, Cleveland, B. C. Shepherd, Cleveland, and L. W. Ulmer, Cleveland, for defendant.

## OPINION

By KRAMER, J.

This case comes into this court upon appeal from an order of the Probate Court refusing the plaintiff leave to present her claim against the estate of Ethlinda Whitemore to the executors for rejection or allowance.

It appears that Ethlinda Whitemore died on August 23, 1933; that Herman C. Baer and William Beaser were appointed executors of her estate and qualified on September 12, 1933; that the petitioner asserts a claim against the estate of Ethlinda Whitemore which claim was not presented to the executors or either of them until four weeks or more after the expiration or four months following their appointment. Herman C. Baer, one of the executors, was absent from the jurisdiction during some of this time; William Beaser was within the jurisdiction during the whole of this period and was frequently a caller, on business of the estate, where the petitioner resided and where they met on numerous occasions.

The questions presented to the court are,—

1. Whether this claim is barred by §10509-112, GC.

2. If it is so barred, should it be reinstated under the provisions of §10509-134, GC?

Considering the questions in inverse order the court is of the opinion, that if the claim is barred, there exists no ground for discussion upon the question of its reinstatement. The claim was due when Mrs. Whitemore died. At least one executor was accessible to the claimant continuously from the date of the death of testatrix and there is no reason suggested in the evidence to excuse her failure to file. She was under no disability of any kind.

If this does not constitute "culpable neglect" it would be difficult to conceive of a case which did. The court is therefore of the opinion that if this claim is barred, the petitioner should not be permitted to file it for allowance. (See Harris v O'Connell, Admr., 85 Oh St, 136, at page 143. State ex Sherwood, Probate Court, 145 Minn. 344).

Upon the question as to whether or not this claim was barred by failure to present it within four months, the statute provides, §10509-112 GC:

"**Presentation of claims; allowance or rejection**—Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail as against bona fide purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the election to take under the will or at law, and except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against bona fide distributees."

The claim that this statute constitutes a statute of limitations does not appear to the court to have any ground whatever to rest upon. The statute prescribes a time within which a claim must be presented. It prescribes as a consequence of failure to present such claim within the time provided, that it shall not prevail as against bona fide purchasers, etc. It contains no language whatever, which suggests that the consequences of failing to file a claim within four months shall be to bar the claim.

The authorities cited bearing upon the question of statutory construction are of no moment because there is nothing doubtful in the statute, and therefore nothing to construe. No authority has been cited to the court in which any statute has been held to be a statute of limitations which did not contain definitely words to that effect, namely, that "no action shall be brought" or that "the claim shall be barred."

There would probably be no disagreement from this construction of the statute, standing alone. The claim that this statute is a statute of limitations arises from the language of §10509-134, GC, which provides for the reinstatement of barred claims. That statute is as follows:

"**Sec 10509-134 GC. Reinstatement of barred claim.** Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing. it is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law."

The reasoning is that, inasmuch as this section provides that a claim, which has not been presented within the time prescribed by law may be reinstated under certain conditions, the Legislature must

have considered that a claim not filed within the time prescribed in any statute was barred, and that therefore §10509-112, GC, should be interpreted to give effect to that legislative presumption.

The answer to this reasoning is that if the legislature interpreted §10509-112, GC, to be a statute of limitations the Legislature was in error. If the Legislature intended §10509-112, GC, to be a statute of limitations they failed to express their intention and the court is not empowered by judicial construction to supply this legislative lapse.

The court is therefore of the opinion that the petitioner herein was not barred by failure to file her claim within four months and that she should be permitted to present it subject, of course, to the limitations prescribed in §10509-112, GC.

This same conclusion was reached by Judge Terrell of this court in the case of Henderson v Harry Polatsek, Admr., etc., (No. 380289). It is also in accord with the law as stated in **18 Ohio Jurisprudence 375-6:**

"The object of this portion of the statute is to give certain preferences to creditors who present their claims within the limited period. The penalty for a failure to present claims does not necessarily amount to a forfeiture of the claim. Creditors who do not give notice of their claims in addition to the penalties imposed in the statute, may lose merely the right to an equal participation with creditors of the same rank in their priority, if any; but they may be entitled to share in future assets of the estate upon due proof of validity."

This finding renders it unnecessary for the court to determine the question whether, if the claim were barred it should be reinstated, but, deciding both of the questions presented, the court does find that if the claim were barred, no reinstatement should be had.

The prayer of the petitioner is granted.