CHARLES O. JENKINS et al., Appellants, v.
WALTER E. MORROW et al., Respondents.

Kansas City Court of Appeals, February 17 and June 8, 1908.

1. LIFE INSURANCE: Assignment of Policy: Void: Creditor. The assignment by the assured of a policy of life insurance to one not a creditor is void, and in this action that fact is for consideration.

2. PROBATE COURTS: Jurisdiction: Judgment: Collateral Attack. A judgment in a probate court in matters wherein it has jurisdiction is conclusive against collateral attack, and mere irregularity of procedure will not defeat such conclusiveness.

3. ———: ———: Demands: Affidavit. The only way a probate court can obtain jurisdiction of a demand against an estate

is by its presentation with the statutory affidavit, and the failure to comply therewith is not an irregularity but a fatal defect.

4. ———: ———: **Statute: Equitable Procedure.** The jurisdiction of probate courts is regulated by statute and they are of limited jurisdiction and have no cognizance of equitable matters.

5. ———: ———: **Demand: Interplea: Equity.** An administrator found among the assets of decedent's estate a life policy in favor of the administrator and also a contract between the decedent and certain parties in effect an assignment of a part of the policy to such parties. He presented a petition to the probate court reciting the policy and the contract and asking that said parties be summoned in to substantiate their claim and to direct him what to do with the policy and how to correct his inventory and how to make his settlements and accounts and to construe the contract. This the probate court did and entered up a judgment, directing so much of the proceeds of the policy paid to the parties to the contract and the balance to be retained by the administrator as assets. The parties presented no demand nor made any affidavit. *Held*, the proceeding was equitable, somewhat in the nature of an interpleader and was not a demand against the estate and was beyond the jurisdiction of the court.

Appeal from Johnson Circuit Court.—*Hon. Nicholas M. Bradley*, Judge.

REVERSED AND REMANDED.

*F. W. Gifford, A. B. Logan* and *J. W. Suddath* for appellants.

(1) An assignment of an interest in a policy issued by an assessment company is void. Bruer v. Insurance Co., 100 Mo. App. 540; Strode v. Drug Co., 101 Mo. App. 627; Worneck v. Davis, 104 U. S. 924. (2) A portion of a fund cannot be assigned without the consent of the debtor. At best an attempt to do so, only creates an equitable interest in the fund; and can only be enforced if at all by a proceeding in equity. McPike v. McPherson, 41 Mo. 521. (3) Probate courts have

131 App.—19

no jurisdiction to grant equitable relief, and the probate court of Jackson county had no jurisdiction over the subject-matter of respondents demand, because it was purely equitable. Reed v. Crissey, 63 Mo. App. 184; Patterson v. Booth, 103 Mo. 402; State ex rel. v. Jones, 53 Mo. App. 207; Gamber v. Richardson, 77 Mo. App. 463; Church v. McElhinney, 61 Mo. 542, 543; Wieber's Administration Law, sec. 151. (4) The probate court for Jackson county had no jurisdiction to allow respondents claim as a demand against the estate of Coleman O. Jenkins, or to make any order touching the same, for the following reasons: First—Because respondents claim was not presented to the administrator in writing as a demand against said estate, as required by sections 188 and 189, Revised Statutes 1899. Second—Because respondents, nor neither of them, made oath in open court, or filed the affidavit of both or either of them with their claim, as required by section 195, Revised Statutes 1899. Third—Because respondents did not deliver to the administrator, a written notice, containing a copy of the demand, nor give any notice of their intention to ask that the same be allowed, as required by section 197, Revised Statutes 1899. Fourth—Because the paper writing read in evidence and relied upon as an assignment, was absolutely void, and the court had no jurisdiction to allow any demand, or make any order directing its payment. Fifth—Because the order made by said court was purely equitable, the entire proceeding was an equitable one, and the probate court had no jurisdiction to entertain an equitable proceeding. R. S. 1899, secs. 188, 197, 294; Peter v. King, 13 Mo. 143; Bryan v. Mundy, 14 Mo. 461; Bank v. Ward, 45 Mo. 310; Pfeffer v. Suse, 73 Mo. 256; Dorn v. Parsons, 56 Mo. 602; Wine Co. v. Caspard, 11 Mo. App. 384; Berk v. Suman, 79 Mo. 527; Price v. Margerle, 25 Mo. App. 205; Williams v. Gerber, 75 Mo. App. 30; Waltman v. Schick, 102 Mo. App. 137; Fitzpatrick v. Stephens, 114

Mo. App. 501; Langston v. Canterbury, 173 Mo. 130. (5) Judgments of inferior courts are not good unless the record shows affirmatively that every fact necessary to give it jurisdiction of the person and subject-matter exists in its favor. Peter v. King, 13 Mo. 143; Schell v. Island, 45 Mo. 290; Ex parte v. O'Brien, 127 Mo. 488; Strouse v. Drennan, 41 Mo. 289; State v. Metzer, 26 Mo. 65; State ex rel. v. Billion, 27 Mo. 103; Rohland v. Railway, 89 Mo. 130; Gibson v. Vaughn, 61 Mo. 418; Wernse v. McPike, 100 Mo. 488. (6) There must be a substantial compliance with the statutes respecting administration, before the probate court has jurisdiction, for the statutory provisions are prerequisites required to be observed before the probate court can allow a demand, or hear any evidence in regard to it. Dorn v. Parsons, 56 Mo. 602; Langston v. Canterbury, 173 Mo. 128; Williams v. Gerber, 75 Mo. App. 30; Bryan v. Mundy, 14 Mo. 461; Wine Co. v. Caspari, 11 Mo. App. 384; Peter v. King, 13 Mo. 143; Pfeffer v. Suse, 73 Mo. 255; Bank v. Suman, 79 Mo. 527; Bank v. Ward, 45 Mo. 310; Wood v. Booth, 60 Mo. 546. We ask the court to fully read this case. Gray v. Railway, 81 Mo. 135. (7) The probate court had no jurisdiction to order the money in the hands of the administrator to be paid to any one other than the ones on whom the law casts it. If one other than the heirs claimed the funds, or any part of them, they must first establish their claim in the circuit court. State ex rel. v. Jones, 53 Mo. App. 207; Gerber v. Richardson, 77 Mo. App. 463; Woerner's Administration Law, sec. 151. (8) Want of jurisdiction in the probate court may be taken advantage of at any time, even after judgment. Henderson v. Henderson, 55 Mo. 544; Graves v. McHugh, 58 Mo. 500; Bray v. Marshall, 66 Mo. 122; Butler v. Lawson, 72 Mo. 245. (9) If the judgment of the Jackson probate court was void, it constitutes no defense to respondents in this proceeding and will be treated as a nullity in a collat-

eral proceeding. Hope v. Blair, 105 Mo. 85; Hardware & Man. Co. v. Land, 54 Mo. App. 147; Decker v. Lidwell, 3 Mo. App. 586; Church v. McElhinnie, 61 Mo. 540; Meyer v. Hartman, 14 Mo. App. 30.

*O. L. Houts* and *Jas. A. Kemper* for respondents.

(1) The action of the probate court of Jackson county on the application of Charles R. Creasy, administrator of the estate of Coleman O. Jenkins, deceased, in allowing the claim of the defendants for the sum of $2,880 (the money which plaintiffs sue for herein) against the estate of the said Jenkins, had the force and effect of a judgment of a court of general jurisdiction and is a complete defense to this action. Moody v. Payton, 135 Mo. 482; Cooper v. Duncan, 20 Mo. App. 355; Clark v. Thias, 173 Mo. 628; Clark v. Betelheim, 144 Mo. 258; Munday v. Neiper, 120 Mo. 417; R. S. 1899, sec. 192. (2) Affidavit to a claim is not necessary to confer jurisdiction to allow claims against an estate. Robbins v. Boulware, 190 Mo. 41; In re Estate of Davidson, 100 Mo. App. 263. (3) Where the record does not show whether the statutory affidavit was made or not, but is silent, the court will presume that it was made. Wood v. Flannery, 89 Mo. App. 642; Millon v. Ohnsong, 10 Mo. App. 437; Faith v. Myers' Adm'r, 27 Mo. 570; Kincheloe v. Gormon's Adm'r, 29 Mo. 422. (4) Even on appeal, if it does not appear that the statutory affidavit was made, the court will not reverse a judgment in favor of the claimant and send the case back that the affidavit may be superadded. Faith v. Myers' Adm'r, 27 Mo. 570; Kincheloe v. Gorman's Adm'r, 422; Wood v. Flannery, 89 Mo. App. 632. (5) Probate courts have jurisdiction to hear and allow demands against estates, whether the same be legal or equitable. Hoffman v. Hoffman's Ex., 126 Mo. 486; Church v. Church, 73 Mo. App. 424; Maginn v. Green, 67 Mo. App. 619; Grimes v. Reynolds, 94 Mo. App. 585; Fisher

v. Clopton, 110 Mo. App. 668. (6) The judgment of the probate court at Kansas City, approving the final settlement of the estate of Coleman O. Jenkins, deceased, was a final judgment of a court of general jurisdiction and concludes the plaintiffs in this action, regardless of any other proposition in the case. Jones v. Brinker, 20 Mo. 87; State to use v. Roland, 23 Mo. 95; Picot v. Bates, 47 Mo. 390; Lewis v. Williams, 54 Mo. 200; Shultz v. Kirtley, 62 Mo. 417; Woodworth v. Woodworth, 70 Mo. 601; Vanbibber v. Julian, 81 Mo. 618; Patterson v. Booth, 103 Mo. 403; State ex rel. v. Gray, 106 Mo. 526; Smith v. Aanger, 150 Mo. 437; State ex rel. v. Carroll, 101 Mo. App. 110.

BROADDUS, P. J.—This is a suit for money had and received. The following statement of the facts appear in the record:

On the 7th of December, 1894, Coleman O. Jenkins was a resident of Odessa, Lafayette county, Missouri. Prior to that date he had taken out an insurance policy on his life for the sum of $5,000, which policy was issued by the Knights Templars and Masons Indemnity Company, doing business on the assessment plan. This policy was made payable to Martha C. Jenkins, his wife. On said 7th day of December, 1894, the contract of agreement set out in the finding of facts, was duly executed by the said Coleman O. Jenkins and Martha C. Jenkins on the one part and these defendants, Morrow and Schofield, on the other part, by the terms of which the said Morrow and Schofield were to assume and pay dues, fees and assessments that might become due on said policy, and at the death of Coleman O. Jenkins was to receive three-fifths of all the moneys that might be due on said policy. Sometime later, this policy was surrendered and a new policy was issued for the same amount, but said last policy was made payable to the administrator of the estate of Coleman O. Jen-

kins. No mention therein made or attached thereto of the defendants or their agreement.

The said Coleman O. Jenkins died intestate about the 4th of August, 1902, in Jackson county, Missouri, leaving surviving him as his sole heirs at law these plaintiffs, Chas. O. Jenkins and Ernest Jenkins being minors. One Charles R. Creasy was by the probate court of Jackson county, Missouri, appointed administrator of his estate. The said administrator inventoried this policy and collected from said insurance company the sum of $4,880. Afterwards on the ———— day of November, 1902, the said administrator without notice to anyone presented to the probate court of Jackson county, Missouri, a petition as follows, omitting the caption:

"Now comes said administrator and shows to the court that when he took charge of said estate he found only a policy of insurance issued by the Knights Templars and Masons Life Indemnity Company, number 1322, for the sum of five thousand dollars ($5,000). That since said appointment he has collected said sum. That he finds among the books and papers of the decedent a contract entered into between the said Coleman O. Jenkins, on the 7th day of December, 1894, and Walter E. Morrow and Linn J. Schofield, which contract so found by him is in words and figures following: '. . .' That pursuant to said contract the said Morrow and Schofield claim all the proceeds of said policy except the sum of two thousand dollars ($2,000). The administrator prays the court to cite the said Walter E. Morrow and Linn J. Schofield to appear in this court and make good their claim if any they have under said contract to said proceeds excepting the sum of two thousand dollars ($2,000) and this administrator also prays the court to construe said contract and direct him as to how he shall credit his inventories filed herein with the proceeds of said policy and also direct him in

what manner he shall hereafter make his settlements of the estate of the deceased with reference to the amount collected on said policy."

The hearing of the application was continued until the 25th day of November, 1902, when the court made the following entry of record:

"In the estate of Coleman O. Jenkins, deceased, Charles R. Creasy, Administrator. 5842. Instruction as to Insurance Policy.

"Now on this day the petition of said administrator, heretofore filed herein, and by the court continued to this day for hearing, praying for instructions how to dispose of insurance policy belonging to estate of said deceased, is by the court taken up, and the court finds: That under a contract (a copy of said contract being filed herein) Walter E. Morrow and Linn J. Schofield are entitled to a part of the insurance money in contract mentioned, in the sum of two thousand eight hundred and eighty dollars, less the sum of fifty dollars to administrator for services in collecting said sum and six and 60-100 dollars for traveling expenses and sixty-five and 04-100 being three-fifths of expenses of administration, leaving as the net sum to be paid said Morrow and Schofield two thousand seven hundred and fifty-eight and 36-100 dollars; which said sum said administrator is hereby ordered to pay to the said Morrow and Schofield and take their receipt therefor, and that he be credited therewith in his inventory and in his accounts with this estate."

On the 10th day of September, 1903, the administrator presented his first annual settlement to the court, wherein he reported among other matters, his payment to the defendants of the sum of $2,880, and took credit for the same. Later he made his final settlement which was approved by the court and distribution ordered of the balance in his hands.

The principal question in the case is whether or not

the judgment of the probate court ordering the administrator to pay to defendants three-fifths of the proceeds of said policy was void in law. Preliminary to a discussion of that question it is perhaps necessary to call attention to the law, that the defendants not being creditors of the insured the assignment was void. [Bruer v. Insurance Co., 100 Mo. App. 540; Strode v. Meyer Bros. Drug Co., 101 Mo. App. 627.] The law in this respect is not denied, but it is insisted by the defendants that, it is not a question that can be inquired into in this case, which in a sense is true, but were it otherwise and plaintiffs had no claim whatever to the money they would have no basis for a cause of action.

The proposition that a judgment of the probate court, in matters wherein it has jurisdiction of the parties and the subject-matter, is conclusive against a collateral attack cannot be denied. But the question of jurisdiction of a court is always an open question, and can be raised at any time in any kind of proceeding, is also admitted. The law of administration provides that: "The probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of the testator or intestate, and of all offsets and other defenses allowed by law, set up thereto by the administrator or executor, and a concise entry of the order of allowance, or finding, shall be made on the records of the court, which shall have the force and effect of a judgment." [R. S. 1899, sec. 192.] Section 195, idem, provides: "The court shall not allow any demand against any estate unless the claimant shall, first make oath in open court, or file his affidavit with such claim, stating, . . . that his account or demand as presented is correctly stated." Section 197, idem, provides that a person having a demand shall give notice to the administrator of his intention

to present it to the court for allowance. The administrator however may waive notice. [Sec. 199, idem.]

Our attention has been called to the cases of Robbins v. Boulware,. 190 Mo. 33, and In re Estate of Davison, 100 Mo. App. 263, as authority for the proposition that an affidavit to a claim against the estate of a decedent is not necessary to confer jurisdiction on a probate court. The first refers to the insufficiency of the affidavit attached to a petition for the sale of decedent's lands to pay his debt, which the court holds to have been a mere irregularity and did not deprive the court of jurisdiction. Such proceedings are conducted under the provision of section 147, idem. The second refers to the conclusiveness of an order of a probate court granting letters of administration. It was held that a failure of the administrator to file the accounts, lists, and inventories required by the section, was no objection to an order of sale to pay a demand against the estate, where it otherwise appeared that the personal asset had been exhausted. [Brown v. Woody, 22 Mo. App. 253.] In Wilkerson v. Allen, 67 Mo. 502, and Rugle v. Webster, 55 Mo. 246, objections were made to the sufficiency of the affidavits to the petitions for the sale of real estate to pay debts. The court held that although the proceedings may have been irregular, "and the affidavits not made in literal compliance with the law, yet these are not such jurisdictional facts as would render them wholly void." It will be observed that all the cases referred to apply to instances where the jurisdiction of the court attached to the subject-matter and that the legality of the proceedings could not be attacked collaterally for a mere irregularity. And it is also held: "Where the record does not show whether the statutory affidavit was made or not, but is silent, the court will presume that it was made." [Wood v. Flanery, 89 Mo. App. 632; and cases cited.] Where record was silent jurisdiction would be presumed.

In this case there was no affidavit of the correct-ness of any demand defendants had against the estate of the deceased. In fact they presented no demand. The claim that was allowed was called to the attention of the court by the administrator, and in a manner not authorized by the law of administration. It is for the claimant of a demand against an estate to present it for allowance and no such duty is imposed upon the administrator. That he was acting outside of his power and duties there can be no question. We know of no way a probate court can obtain jurisdiction of a de-mand against an estate other than by its presentation with the statutory affidavit; and the failure to comply therewith is not a mere irregularity, but it is fatal to the judgment. [Wernse v. McPike, 100 Mo. 476; Peter v. King, 13 Mo. 143.]

The jurisdiction of a probate court is regulated by statute and is therefore a court of limited jurisdic-tion. We know of no statute that authorizes such a court to exercise equitable jurisdiction. The proceed-ing in question was an equitable one, which is cogniza-ble in the circuit courts only—or courts of general ju-risdiction. The proceeding was near akin to the remedy of interplea. The administrator held in his hands cer-tain funds, which he asserted in his petition to the court, the defendants claimed by virtue of a certain assignment of a policy on the life of the decedents and he asked that they be cited to appear "and make good their claim." The only difference between that pro-ceeding and the usual equitable suit is that the admin-istrator not only represented the estate and heirs of the decedent but he was also the holder of the stakes. Yet notwithstanding this apparent double advantage the estate and heirs lost and the interpleaders won on an illegal demand.

The court was asked to construe a contract, not in connection with any demand presented by the claimants

as the statute required, but to determine whether under the contract defendants or the administrator was entitled to the fund. The claim of defendants was not a demand against decedent's estate, conceding it to have been legal. Had it been such it was a property right which they could have enforced against the administrator in a proper proceeding and not as a claim against the estate in his hands. And what of the judgment? It was not an allowance of a demand against the estate and its classification, but a direction to the administrator to appropriate three-fifths of a certain fund in his hands to the payment of the claim of the defendants, "and that he be credited therewith in his inventory and in his accounts with the estate." It was an equitable proceeding from the beginning to the end. A probate court has no such power.

For the reasons given the cause is reversed and remanded with directions to the court to ascertain the amount including interest due the plaintiffs and for costs. All concur.