HARRISON MACHINE WORKS, RESPONDENT, v. BERTHA S. AUFDERHEIDE, ADMRX., ETC., APPELLANT.[*]

Kansas City Court of Appeals.   March 1, 1926.

---

[*]Corpus Juris-Cyc. References: Executors and Administrators, 23CJ, section 387, p. 1170, n. 16; 24CJ, section 1022, p. 364, n. 90; section 1035, p. 370, n. 35; p. 371, n. 40; section 1841, p. 749, n. 98.

*Robert Walker* for respondent.

*Frank J. Quinn* for appellant.

BLAND, J.—This is a suit in equity wherein plaintiff seeks the right to file a demand in the probate court of Gasconade county, Missouri, against the estate of George F. Aufderheide, deceased, after the expiration of the time allowed by the one-year Statute of Limitations for the filing of such claims. The facts show that George F. Aufderheide died on March 8, 1922, and Letters of Administration upon his estate were granted to the defendant on March 16, of that year. At the time of his death deceased was indebted to the plaintiff in the sum of $183.63. On June 2, 1922, plaintiff, at Belleville, Illinois, wrote defendant, who resided at Bland, Missouri, advising her of the indebtedness due it. It inquired of the defendant as to her wishes in regard to the disposition of the account and suggested that in case she desired to have the account probated against the estate, it might be well to procure the proper blank from the probate court and have the same sent to the plaintiff, so that it could make out a regular claim against the estate and return the same to defendant to be probated. In response to this letter, the defendant on June 7, 1922, wrote plaintiff stating, "I am sending blank to have your claim probated. You will please return same to me for my signature and then I will send it to the court."

It appears that defendant did not enclose the blank in her letter but later sent it. On June 15, 1922, plaintiff sent the defendant the claim properly made out upon the blank that had been mailed to it and asked defendant to kindly file the claim and acknowledge receipt of the same and advise it if anything further was to be done. On November 1, 1923, plaintiff wrote defendant calling her attention to the fact that about June 1, 1922, it had filed the claim and inquired as to how she was progressing with the settlement of the estate. Defendant replied to none of plaintiff's letters save the first one which was answered by defendant's letter of June 7, 1922. Defendant testified that she received none of plaintiff's letters except the first one. She admitted that she forwarded the blank to plaintiff and that she wrote her letter of June 7th. She testified that she went to California during the summer of 1922 and stayed there until October. However, she testified that she had the important letters received at her home address forwarded to her.

The petition prays judgment decreeing that defendant—

". . . be trustee in the presentation of the said claim of plaintiff against the estate of said George F. Aufderheide, deceased, to the probate court of Gasconade county, Missouri; that the said demand of the plaintiff be considered as still existing and as filed with the probate court of said county as on, to-wit June ——, 1922, and that plaintiff be permitted to file a supplemental demand of its said claim against said estate with said probate court as of June ——, 1922, and that

the court grant such further orders and decrees touching the premises as shall be just and proper."

The court rendered judgment in accordance with the prayer of the petition.

We think it quite apparent that this action cannot be maintained even assuming that the evidence shows that defendant agreed to file the claim in the probate court and that she received the claim in due time but failed to comply with her agreement and that the agreement was a valid one, although there is some question as to whether the administrator can lawfully agree to represent a claimant in prosecuting his demand against the estate, as the administrator, while in a broad sense is trustee for the creditors—as well as others interested in the estate, is primarily the representative of the estate in the matter of prosecution of claims against it. [See State ex rel. v. Probate Court, 145 Minn. 344, 348; Hobson v. Hobson, 40 Colo. 332, 337; Jenkins v. Morrow, 131 Mo. App. 288, 298.] What occurred between the parties may possibly have made defendant, individually, an agent for plaintiff in filing of the claim in the probate court, but certainly not an agent or trustee in her capacity as administratrix so as to permit estoppel to be set up against the estate to claim the protection of the special Statute of Limitations. The nonclaim Statute of Limitations is rigidly enforced and one is not entitled, either in law or equity, to file a claim after the expiration of the time fixed therein. [Beekman v. Richardson, 150 Mo. 430; Bauer v. Gray, 18 Mo. App. 173.] The decree in this case could not have gone against defendant on the theory of estoppel and waiver because defendant as administratrix could not waive the statute, nor is she estopped to set it up. [Hobson v. Hobson, supra; State ex rel. v. Probate Court, supra; Nagle v. Ball, 71 Miss. 330; Cockrell v. Seasongood, 33 So. 77 (Miss.); Spaulding v. Suss, 4 Mo. App. 541; 2 Woerner's The American Law of Administration (3 Ed.), sec. 402.] The parties could not have dispensed with the filing of the claim by any agreement between them. We cannot grant the relief that plaintiff seeks on the ground that "equity looks upon that as done which ought to be done," for to do so would nullify the statute.

The judgment is reversed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.