HARRY NEWMAN AND LOUIS BALBACH (PLAINTIFFS), RESPONDENTS, v. LEON WEINSTEIN AND LUCY HENSCHEL, EXECUTOR AND EXECUTRIX OF THE ESTATE OF MORITZ WEINSTEIN, DECEASED (DEFENDANTS), APPELLANTS.—75 S. W. (2d) 871.

St. Louis Court of Appeals.   Opinion filed November 8, 1934.

*Pierre A. Vogel* for appellants.

*Harry Newman, Louis Balbach* and *A. H. Whittington* for respondents.

796

BENNICK, C.—Though the record does not so show, the points involved on the appeal not going to the merits of the action, the statement appears unquestioned in plaintiffs' brief that the action is one for the balance due plaintiffs for legal services rendered.

The case originated in a justice's court in the city of St. Louis, wherein the original defendants were Moritz Weinstein and Bertha Sperling. Upon a trial before the justice, judgment was rendered in favor of plaintiffs; and against defendant Moritz Weinstein, for the sum of $240, together with costs of suit, and the cause was dismissed as to defendant Bertha Sperling.

Thereafter defendant Moritz Weinstein, in due course, perfected his appeal from the judgment of the justice to the Circuit Court of the city of St. Louis, where the case lay from May 12, 1931, when the transcript of the justice's docket and the process and other papers relating to the action were filed with the clerk of the circuit court, until July 14, 1932, when the death of defendant Moritz Weinstein was suggested to the court by plaintiffs, and when, upon their application, the cause was ordered to continue in the names of Leon Weinstein and Lucy Henschel, executor and executrix, respectively, of the estate of Moritz Weinstein, deceased.

On July 26, 1932, summons was issued against the said Leon Weinstein and Lucy Henchel in their representative capacities, commanding them to appear before the court at the return term of the writ to show cause, if any they had, why the action should not be revived against them as the personal representatives of the deceased; and the return of the sheriff showed personal service had upon both of such parties.

On November 4, 1932, the court entered an order that inasmuch as cause had not been shown why the action should not be revived, it should stand revived in the names of Leon Weinstein and Lucy Henschel, executor and executrix, respectively, of the estate of Moritz Weinstein, deceased.

On March 8, 1933, the defendants having failed to appear to prosecute their appeal, upon motion of plaintiffs the judgment of the justice was affirmed for such failure. The judgment was that plaintiffs have and recover out of the assets and effects of the estate of Moritz Weinstein, deceased, in the hands of the substituted defendants as his personal representatives, and from the surety on the appeal bond, the sum of $240, with interest thereon from the date of the justice's judgment, together with the costs of suit, and that execution issue therefor.

From such judgment defendants' appeal to this court has followed in the usual course.

The chief insistence of defendants is that upon the suggestion and showing in the circuit court of the death of the original defendant, Moritz Weinstein, the jurisdiction of the circuit court to proceed further with the cause on the merits ceased and was divested, and that the circuit court should thereupon have at once noted such fact in its records, and have transferred the cause to the probate court to be proceeded with therein as in the case of other demands lodged against the estate of the deceased.

Though the point is a novel one, and so far as we know, runs counter to what has been the accepted practice in the courts of this State, we see no escape from the conclusion that defendants are correct in their views about the matter.

At the outset of the case, however, plaintiffs argue that the question of the jurisdiction of the circuit court to have revived the action in the names of the personal representatives of the deceased defendant, that being the actual point at issue, has not been preserved by defendants so as to be here for our review, there being no bill of exceptions, and no motion in arrest of judgment having been filed to call attention to errors appearing on the face of the record proper. As we understand plaintiffs' position, they really concede that the things complained of do appear in the record proper rather than as matters of exception, and rely upon defendants' failure to have filed a motion in arrest, rather than upon the absence of a bill of exceptions, as precluding our consideration of such matters on this appeal. Suffice it merely to say that plaintiffs' objections are not well taken. An error apparent upon the face of the record proper is reviewable on appeal without either a motion for a new trial or in arrest having been filed, at least where, as here, the error is a material one, and going to a matter of substance in the action. [State ex rel. v. Dickey, 288 Mo. 92, 231 S. W. 582; Arcadia Timber Co. v. Harris (Mo.), 285 S. W. 428; Chilton v. Drainage Dist. No. 8, 224 Mo. App. 467, 28 S. W. (2d) 120; Lowry-Miller Lumber Co. v. Dean, 225 Mo. App. 299, 29 S. W. (2d) 736; Schwettman v. Sander (Mo. App.), 7 S. W. (2d) 301.]

So the question for our determination ultimately resolves itself into this: Is the jurisdiction of the circuit court, properly and fully acquired over an appeal taken in due course from the judgment of a justice's court, thereafter divested by the death of the sole defendant pending the bringing of the case to final judgment in the circuit court? Everything else in the case quite logically depends for its decision upon the answer to be made to this question.

We are not unaware of the general doctrine relied upon by plaintiffs in opposition to defendants' contention, the doctrine being that once jurisdiction is properly acquired, it will not as a usual thing be defeated by the occurrence of subsequent events or changes in circumstances, even though the particular events and circumstances may be such as would have prevented jurisdiction from attaching in the first instance. But very obviously one of the contingencies which might serve to defeat the jurisdiction of the court to proceed with a case before it would be the death of a party to the cause; and, as aptly said in 15 C. J. 825, "Whether jurisdiction is divested or not by the death of a party depends primarily upon the nature of the action and the governing statute and also upon the nature of the jurisdiction with which the court is invested."

Now inasmuch as "the nature of the jurisdiction with which the court is invested" is one of the determinative features to be considered upon the question of whether the jurisdiction of a court, once lawfully and rightfully acquired, is thereafter divested by the death of a party pending the litigation, it is to be borne in mind that the jurdisdiction of the circuit court over an appeal from the judgment of a justice's court is not original but derivative, and is no greater in disposing of the appeal on its merits than was the jurisdiction of the justice himself. In other words, on appeal from a justice's court, the circuit court acquires and possesses such jurisdiction, and only such, as the justice had, and, aside from matters of practice, in effect sits as a justice's court in the disposition of the cause. [Miller v. Metropolitan Life Insurance Co., 68 Mo. App. 19; McKenna v. Wittman (Mo. App.), 25 S. W. (2d) 541; State Bank of Sugar Creek v. Anderson, 225 Mo. App. 118, 36 S. W. (2d) 138; State ex rel. v. Mosman, 112 Mo. App. 540, 87 S. W. 75.]

Every one is, of course, familiar with the fact that the subject of proceedings in the circuit court upon appeals from justice's courts is not governed by the general civil code, but by a special portion of the statutes having to do with justice's courts, their organization and procedure, the same being Article 7, Chapter 10, R. S. 1929 (Mo. St. Ann., art. 7, chap. 10, pp. 2443-2471). Indeed, the fact that the practice of the circuit court shall govern its hearing of the appeal is provided for by one of the sections of such chapter and article, the section being Section 2361, Revised Statutes 1929 (Mo. St. Ann., sec. 2361, p. 2469).

It would seem logically to follow, therefore, that in matters of substance having to do with the abatement and revival of actions pending in the circuit court on appeal from a justice's court, the circuit court, in the exercise of its derivative jurisdiction measured in terms of the jurisdiction theretofore possessed by the justice, should look, not to the general statutes relating to the abatement and revival of actions, but rather to the statutes having to do with such matters presenting themselves in cases pending before the justice, the statutes in question being Sections 2244-2248, R. S. 1929 (Mo. St. Ann., secs. 2244-2248, pp. 2409-2410).

Now while such statutes do provide that no suit pending in a justice's court, which, by law, survives to the executor or administrator, shall abate by the death of the plaintiff, and that if in any suit there are two or more plaintiffs or defendants, and one or more of such plaintiffs or defendants shall die before judgment, the suit shall not abate, but shall survive to the surviving plaintiff or plaintiffs and against the surviving defendant or defendants, yet they further provide that when the sole defendant dies, after having been properly served with process and before judgment, in any case in which the cause of action, by law, survives, the death of such sole defendant shall be suggested, and the justice shall thereupon make an entry of such fact in his docket, and shall cease all further proceedings in the case and certify the case to the probate court to be proceeded with therein as in the case of other demands against an estate (Section 2248, R. S. 1929; Mo. St. Ann., sec. 2248, p. 2410).

Likewise this latter section is to be read along with Section 2168 Revised Statutes 1929 (Mo. St. Ann., sec. 2168, p. 2372), which, in dealing with the subject of the jurisdiction of justice's courts, expressly says that "no justice of the peace shall have jurisdiction to hear or try any action against any executor or administrator."

In view of the above it is at once apparent that to permit the circuit court, upon the suggestion of the death of the sole defendant to an action pending therein on appeal from a justice's court, to revive the action in the name of his personal representative and proceed therewith to a determination of the cause on the merits, would be to confer upon the circuit court a power expressly denied the justice's court by statute, and to violate the established doctrine of the derivative jurisdiction of the circuit court which, as we have already pointed out, limits the circuit court in the disposition of the appeal to the exercise of no greater jurisdiction than the justice himself possessed. [Ingalls v. Averitt, 34 Mo. App. 371, 377.]

The case of Town of Carrollton v. Rhomberg, 78 Mo. 547, though analogous to this case in some of its features, has to do with appeals to the circuit court from a mayor's court, certain sections of the town's charter being involved, and does not purport to notice or deal

with the question of the inability of a justice's court to entertain a case against an administrator or executor. The case of Chicago, R. I. & P. Ry. Co. v. Woodson, 110 Mo. App. 208, 85 S. W. 105, goes only to the question of the revival of the action, pending on appeal in the circuit court, in the name of the personal representative of the deceased plaintiff.

Perhaps anticipating the result we have reached in the case, plaintiffs suggest that in any event the jurisdiction of the circuit court in establishing claims against an estate is concurrent with that of the probate court. [Section 189, R. S. 1929 (Mo. St. Ann., sec. 189, p. 121).] We need but point out that this is only true where the circuit court is exercising its original jurisdiction, and not where it is limited to the exercise of a jurisdiction derived from a justice's court.

The judgment rendered by the circuit court should therefore be reversed, and the cause remanded with directions to the circuit court to enter an order abating the action by reason of the death of the defendant, and to certify the cause to the Probate Court of the city of St. Louis, there to be proceeded with as in the case of other demands against the estate of the deceased. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, reversed and the cause remanded in accordance with the recommendations of the Commissioner. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.