# RUTHERFORD v. NATIONAL INDEMNITY CO.

## No. 9279(2).

United States District Court
E. D. Missouri, E. D.
July 14, 1953.

———◆———

Mark D. Eagleton, Rene J. Lusser and Charles Warner, of St. Louis, Mo., for plaintiff.

Evans & Dixon, and John F. Evans, of St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiff has a final judgment against a policy holder of defendant for $28,000.00. The judgment resulted from the operation of insured's automobile, alleged to have been covered by defendant's policy in the sum of $20,000.00, to pay on the insured becoming "obligated to pay" by reason of the use of the automobile described in the policy. Defendant has refused to pay the judgment. Plaintiff brings this suit on the policy contract for $20,000.00, interest and court costs. Defendant moves to dismiss on the ground there is no privity of contract between the parties to this action.

The real question is whether this suit is brought under Section 379.200 RSMo 1949, V.A.M.S. This statute authorizes a suit "in equity against the defendant [in the original action for damages] and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." Defendant argues the remedy provided by the statute is (1) exclusive and this is not an equity action, and (2) the "defendant" or policy holder is not joined as a party defendant.

■■ Reading the complaint in light of the statute it is not subject to dismissal for failure to state necessary facts. The complaint is not subject to dismissal for failure to plead a claim showing plaintiff is entitled to relief under the statute. That is all the rules of procedure require. The distinction between equity and law actions no longer exist in Federal Courts. There is one form of action, a "civil action." F.R.C.P. Rule #2, 28 U.S.C.A. Equitable relief will be accorded in those cases where the record shows the parties entitled to it. On the face of the complaint plaintiff is entitled to equitable relief. The prayer will be disregarded, (even under State practice) and such relief accorded as the parties are entitled to. Homan v. Employers Reinsurance Corporation, 345 Mo. 650, 136 S.W.2d 289, loc. cit. 301, 127 A.L.R. 163.

■ The Homan case is also authority for our holding the insured is not a necessary party. Plaintiff already has a judgment against him. We cannot anitcipate any relief that could be accorded plaintiff in this action against the policy holder, except to let any money recovered in this action show as a credit on the original judgment. Since the original judgment was obtained in this court that detail can be provided for, in case of a recovery by the plaintiff in this action.

Motion to dismiss is Overruled.