**STATE ex rel. E. W. WHITE, Relator,**

v.

**The Honorable Ben TERTE, Judge of the Circuit Court of Jackson County, Missouri, Respondent.**

**STATE ex rel. Lynn JOYCE, Relator,**

v.

**The Honorable Ben TERTE, Judge of the Circuit Court of Jackson County, Missouri, Respondent.**

No. 45919.

Supreme Court of Missouri, En Banc.

June 10, 1957.

Clif Langsdale and Gibson Langsdale, Kansas City, for relators.

George H. Charno, Sr., Watson, Ess, Marshall & Enggas and Melvin J. Spencer, Kansas City, for respondent.

WESTHUES, Judge.

This is a proceeding to prohibit the Honorable Ben Terte, a circuit judge of Jackson County, Missouri, from taking jurisdiction of two cases which originated in a magistrate court in Jackson County. A proceeding in prohibition was originally filed in the Kansas City Court of Appeals in each of the two cases. The cases were consolidated in that court. After a hearing, the court of appeals made permanent its alternative writ and directed the circuit judge to refrain from exercising jurisdiction over the two cases. The writ was made permanent on the theory that no appeals had been perfected from the magistrate court to the circuit court. See State ex rel. White v. Terte, Mo.App., 293 S.W.2d 6. On application of the respondent, the case was transferred from the court of appeals to this court.

Respondent judge filed in this court a motion to dismiss the proceeding on the ground that the case is now moot. The record shows that the defendant (Oscar Rieger) in the magistrate court, against whom the two judgments were entered, died on October 21, 1955, which was four days after the day the judgments were entered. On October 25, 1955, a notice of appeal was filed, in each case, in the magistrate court. Those notices of appeal were filed by the attorneys who had represented Rieger in the magistrate court. An executrix was appointed on October 26, 1955. As may be learned from the opinion of the court of appeals, the controversy in the circuit court was whether the cases had been properly appealed to the circuit court. That was also the dispute before the court of appeals.

We are of the opinion that the record before us discloses lack of jurisdiction on part of the Circuit Court of Jackson County of the two cases in question. As mentioned, Rieger, the sole defendant in the two cases, died after judgment had been entered against him in the magistrate court and before a notice of appeal was filed. After Rieger's death, the proper forum in which to settle any claim based on the judgments in question against the deceased was the probate court. Our statutes so provide. Section 517.890 RSMO 1949, V.A.M.S., reads: "If a defendant die after a final

judgment against him, a transcript of such judgment shall be exhibited to the probate court, to be proceeded on as other judgments against the estate of a deceased person."

■ Relators, in response to respondent's motion to dismiss this proceeding, state that the judgments in the magistrate court were final ten days after the qualification of the executrix. The reason given was her failure to appeal from the judgments as provided by Section 512.260 RSMo 1949, V.A.M.S. If that be true, then relators should have complied with the provisions of Section 517.890, supra. On the other hand, if the appeals, for the sake of argument only, had been duly perfected, the death of the sole defendant against whom judgments had been entered, divested the circuit court of jurisdiction to proceed. See Section 517.450 RSMo 1949, V.A.M.S. That section prescribes what is to be done in a case of the death of a sole defendant against whom a suit is pending in a magistrate court. It provides that in such event, the magistrate shall immediately certify the case to the probate court for further proceeding. The statute has been held to be applicable in a case where a judgment had been entered and appealed to the circuit court. While the case was pending, the sole defendant, against whom a judgment had been entered, died. The St. Louis Court of Appeals held that the death divested the circuit court of jurisdiction. Further, the court held that in such event the case should be transmitted to the probate court for further action. See Newman v. Weinstein, 230 Mo.App. 794, 75 S.W. 2d 871. The court there held that the statute granting concurrent jurisdiction of the circuit court with that of the probate court in establishing claims against an estate had no application to cases appealed to that court from the justice court (now magistrate court). The question was there ably and fully considered. We are satisfied with the result reached in that case.

Respondent has asked this court, as above-noted, to dismiss this proceeding claiming that the case is now moot. Respondent also requested in his motion that the judgments in the magistrate court be vacated. There was filed in this court an affidavit stating that relators have not presented any claim to the probate court based on the judgments in the magistrate court; that more than a year has passed since letters of administration were issued in the probate court and notice thereof published. Respondent argues that therefore relators are forever barred from presenting such claims against the deceased's estate.

■ We cannot grant these requests. This is not an appeal from a judgment in the circuit court as was the case in Newman v. Weinstein, supra, where the court of appeals vacated the judgment of the circuit court on the ground that it did not have jurisdiction to enter a judgment. The present proceeding is in prohibition where relators seek to restrain the circuit court from assuming jurisdiction of the cases in question. We cannot in this proceeding vacate the judgments entered in the magistrate court. We need not pass on the question of whether relators have any remedy for the enforcement of those judgments. Since the record affirmatively discloses that the circuit court does not have jurisdiction to proceed in the cases in question now pending in that court, the motion to dismiss must be denied.

For the reasons above indicated the alternative writ of prohibition issued by the Kansas City Court of Appeals should be made permanent and the respondent judge should be restrained from taking any further action in the cases in question except to dismiss the appeals and return the transcripts in the two cases to the magistrate court.

It is so ordered.

All concur.